IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENNIE WREN BOLTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-CV-394-TCK-SAJ |
| ) | |
| EL RENO FEDERAL CORRECTIONAL ) | |
| INSTITUTION; and THE ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| OKLAHOMA, ) | |
| ) | |
| Respondents. ) | |

**OPINION AND ORDER**

On July 12, 2005, Petitioner, an inmate in federal custody[1] and appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), a supporting brief (Dkt. # 2), and a motion to proceed *in forma pauperis* (Dkt. # 3). By Order filed July 14, 2005 (Dkt. # 4), the Court granted Petitioner's motion to proceed *in forma pauperis* and directed Petitioner to show cause why this matter should not be dismissed with prejudice as barred by the one-year statute of limitations applicable to § 2254 petitions. On August 16, 2005, Petitioner filed his response (Dkt. # 5). For the reasons discussed below, the Court finds that consideration of the petition for writ of habeas corpus is precluded by the statute of limitations. The petition shall be dismissed with prejudice.

***BACKGROUND***

Petitioner's claims asserted in the petition directly challenge the validity of four (4) armed robbery convictions entered in Tulsa County District Court, Case Nos. CRF-69-96, CRF-69-138,

---

[1] Petitioner is presently in custody pursuant to a Judgement entered June 7, 1988, in N.D. Okla. Case No. 88-CR-01-E.

and CRF-69-174.[2]  Petitioner indicates judgments of conviction were entered on his pleas of guilty on February 4, 1969, and May 3, 1978.  He further states that on May 3, 1978, his sentences were modified from four (4) sentences of 45 years to four (4) sentences of 15 years.  In his supporting brief (Dkt. # 2), Petitioner provides a "History of the Case," indicating he has filed post-conviction applications challenging the validity of his convictions.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

---

[2] In his supporting brief, Petitioner states "[t]he Federal Court is now on Notice that petitioner Bolton is attacking the four (4) Robbery convictions outright, that the guilty pleas to the four (4) Robbery convictions are, and were, involuntary and therefore null and void ab initio."  (Dkt. # 2 at 5).

2

is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3] Because the limitations period generally begins to run from the date on which a prisoner's direct appeal from his conviction became final, a literal application of the AEDPA limitations language would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for habeas corpus relief.

The Tenth Circuit Court of Appeals also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Thus, the one-year grace period would be tolled during time spent pursuing an application for post-conviction relief properly filed during the grace period.

Application of these principles leads the Court to conclude that this habeas petition is time-barred. Petitioner's convictions became final long before enactment of the AEDPA. As a result, his one-year limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Petitioner had until April 24, 1997, to submit a timely petition for writ of habeas corpus. United

---

[3] The Court also notes that to the extent the petition could be construed as a challenge to the validity Petitioner's federal sentence, any such claim would also be subject to dismissal as barred by the one-year statute of limitations applicable to motions filed under 28 U.S.C. § 2255. In addition, Petitioner has previously filed a § 2255 motion challenging his sentence entered in N.D. Okla. Case No. 88-CR-01-E. As a result, Petitioner would be required to seek authorization from the Tenth Circuit Court of Appeals before filing a second or successive § 2255 motion in Case No. 88-CR-01-E. See 28 U.S.C. §§ 2255, 2244.

States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did seek any post-conviction relief during the grace period. In his supporting brief, Petitioner indicates he filed applications for post-conviction relief on May 3, 1978, or approximately eighteen (18) years prior to enactment of the AEDPA, and in 1989 and 1990. None of those proceedings impacted the running of the limitations period as there was no limitations period at that time. Petitioner also indicates that the first post-conviction proceeding he commenced after enactment of the AEDPA was filed December 9, 2003, or more than six (6) years beyond the April 24, 1997 deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); see also Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D. N.Y. 1998). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the grace period did not toll the limitations period. Therefore, Petitioner's petition, filed July 12, 2005, appears to be untimely and is subject to dismissal.

In his response (Dkt. # 5), Petitioner complains of the procedures followed by the state district court on May 3, 1978. He states that "the May 3rd, 1978 proceeding was a hoax and a miscarriage of justice with respect to what occurred during that time of the proceedings." See Dkt. # 5. He further alleges that his attorney was ineffective on May 3, 1978, "by allowing the District Court of Tulsa County to modify the Four Forty-Five (45) year sentences to Four (15) year sentences." (Id.). None of those allegations entitles Petitioner to further statutory tolling of the

limitations period. The Court recognizes that the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998). In this case, Petitioner offers no explanation for his lack of diligence in pursuing his claims. Furthermore, the record cited by the Court clearly demonstrates that Petitioner did not diligently pursue his claims for purposes of federal habeas corpus review. Having reviewed the record and arguments presented by Petitioner, the Court finds no basis for statutory or equitable tolling. Therefore, Petitioner's petition is time-barred.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus(Dkt. #1) is **dismissed with prejudice**.

2. A separate judgment shall be entered in this case.

DATED THIS 20th day of February, 2007.

TERENCE KERN
UNITED STATES DISTRICT JUDGE